J-S47039-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KYAIRE THOMPSON-BROWN, | : | |
| | : | |
| Appellant | : | No. 735 MDA 2020 |

Appeal from the PCRA Order Entered April 17, 2020
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0006552-2017

BEFORE:    STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED MARCH 12, 2021**

Kyaire Thompson-Brown (Appellant) appeals from the April 17, 2020 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

The PCRA court provided the following background.

> On September 7, 2015, at 2:46 a.m., police officers were dispatched to South Marshall Street in Lancaster City for a report of shots fired, at which time they located Edward Cameron suffering from multiple gunshot wounds. Cameron was later pronounced deceased. Through investigation, it was determined that Rahdir Maxton, Niziere Dean [], and Appellant opened fire on Cameron at close range, resulting in [Cameron's] death. On October 5, 2017, charges of criminal homicide and conspiracy to commit homicide were filed against Appellant.
>
> On February 22, 2019, Appellant and Dean appeared before the court to plead guilty pursuant to negotiated plea agreements. In exchange for the Commonwealth not seeking first-degree murder convictions, Appellant and Dean each pleaded guilty to third-degree murder and conspiracy to commit third-degree murder, for concurrent sentences of 15-30 years

*Retired Senior Judge assigned to the Superior Court.

[of] incarceration on each count. Appellant's sentence for third-degree murder was within the standard range of the sentencing guidelines. No post-sentence motion or direct appeal was filed.

PCRA Court Opinion, 7/13/2020, at 1-2 (citations and footnote omitted).

On October 28, 2019, Appellant timely filed *pro se* a PCRA petition, his first, which he styled as an amended petition. Appellant argued, *inter alia*, that trial counsel was ineffective for failing to file a decertification motion and for failing to investigate the case before advising Appellant to plead guilty.[1] PCRA counsel was appointed. On February 28, 2020, PCRA counsel filed a petition to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On March 12, 2020, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing

_____

[1] By way of background, Appellant was 16 at the time of shooting, but 18 at the time of his arrest. His case went directly to the criminal division.

> When a case goes directly to the criminal division[,] the juvenile has the option of requesting treatment within the juvenile system through the transfer process of decertification. In determining whether to transfer such a case from the criminal division to the juvenile division, "the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest." 42 Pa.C.S. § 6322(a).
>
> Pursuant to § 6322(a), the decertification court must consider the factors contained in § 6355(a)(4)(iii) in determining whether the child has established that the transfer will serve the public interest.

**Commonwealth v. Ruffin**, 10 A.3d 336, 338 (Pa. Super. 2010) (some citations omitted).

- 2 -

pursuant to Pa.R.Crim.P. 907. Appellant filed a response, raising a new claim that he did not know he was pleading guilty to third-degree murder. On April 15, 2020, the PCRA court denied Appellant's PCRA petition and granted PCRA counsel's request to withdraw.

This timely-filed appeal followed.[2] On appeal, Appellant argues that the PCRA court erred in dismissing several of his ineffective assistance of trial counsel claims. Appellant's Brief at 5.[3] Specifically, Appellant argues five

---

[2] Appellant *pro se* filed the instant notice of appeal. Thereafter, Appellant retained private counsel. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

[3] Appellant also argues the ineffective assistance of PCRA counsel, which he raised for the first time in his concise statement. "[C]laims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." **Commonwealth v. Smith**, 121 A.3d 1049, 1054 (Pa. Super. 2015) (citation and quotation marks omitted). Appellant implores us not to find waiver because Appellant *pro se* filed his response to the PCRA court's Rule 907 notice. Appellant's Brief at 45-46. However, our case law makes clear that *pro se* petitioners are not exempt from our waiver rules.

> [O]ur Supreme Court [] requires counseled PCRA petitioners to raise allegations of PCRA counsel's ineffectiveness in response to a Rule 907 notice of intent to dismiss, or risk waiver. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009). In **Pitts**, the defendant raised allegations of PCRA counsel's ineffectiveness for the first time in a *pro se* appeal. A majority of our High Court determined that Pitts had waived these claims because he did not raise these assertions in response to, *inter alia*, the PCRA court's Rule 907 notice. **Id**.

> Our Supreme Court explicitly rejected Pitts' argument that hybrid representation prevented him from raising these objections during the PCRA proceedings, and while he was still represented by counsel:

*(Footnote Continued Next Page)*

claims of ineffective assistance of counsel for failing to: (1) investigate the case fully before advising Appellant to plead guilty; (2) explain the plea agreement and minimum punishment Appellant faced; (3) explain that accepting a "global plea deal" meant receiving the same sentence as his adult co-defendant; (4) file a decertification motion or advise Appellant fully

_(Footnote Continued)_ ————————

> Although Pitts asserts his PCRA appeal was the first opportunity he had to challenge PCRA counsel's stewardship because he was no longer represented by PCRA counsel, he could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter [] and the notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so. Thus, the issue of whether PCRA counsel was ineffective for failing to raise the direct appeal issue was waived[.]

> _**Id**_. Subsequent interpretation of _**Pitts**_ by both the Supreme Court and this Court have reaffirmed this aspect of the holding.

_**Commonwealth v. Betts**_, 240 A.3d 616, 622 (Pa. Super. 2020) (citation format altered; some citations omitted). Because Appellant failed to assert the ineffective assistance of PCRA counsel in his response to the PCRA court's Rule 907 notice, this issue is waived.

Appellant has also waived his issue claiming that the PCRA court erred in dismissing his petition without a hearing. Insofar as Appellant argues the PCRA court erred in dismissing his ineffective assistance of trial counsel claims without a hearing, he failed to raise this claim in his court-ordered concise statement. _**See**_ Pa.R.A.P. 1925(b)(4)(vii). Thus, it is waived. In his concise statement, Appellant alleged that the PCRA court erred in dismissing his PCRA petition without a hearing because PCRA counsel provided ineffective assistance and did not request an evidentiary hearing. Concise Statement, 5/27/2020, at ¶ 3; _**see also**_ Appellant's Brief at 55-57. As discussed _supra_, Appellant did not raise PCRA counsel's ineffectiveness in his response to the PCRA court's Rule 907 notice. Thus, the issue he purported to preserve in his concise statement is also waived.

of his right to pursue decertification; and (5) request a developmental assessment of Appellant to determine whether he understood the nature and consequences of his decisions not to pursue decertification and to plead guilty. Appellant's Brief at 13-14, 20, 24, 29, 40.

Preliminarily, Appellant failed to raise his second and third claims until his Rule 907 response.[4]

> We have previously discussed that a response to a notice of intent to dismiss is not, itself, considered a serial petition. In **Commonwealth v. Williams**, 732 A.2d 1167 (Pa. 1999), the Court reasoned that the raising of a new (non-PCRA counsel ineffectiveness) claim after the PCRA court issued a notice of dismissal still requires a PCRA court to grant the petitioner leave to amend his petition. Notably, the Court opined, "The assertion of a new claim after the court has heard argument and indicated its intent to dismiss the petition militates in favor of the decision to deny leave to amend." **Id.** at 1191.
>
> While [Rykard] was explicitly instructed that he could respond, and by law is authorized to file a response to the court's pre-dismissal notice, both **Williams** and Pa.R.Crim.P. 905, suggest that in order to properly aver a new non-PCRA counsel ineffectiveness claim, the petitioner must seek leave to amend his petition. Having not sought permission to amend his petition to raise these new claims, the PCRA court was not required to address the issues and it did not. Hence, [Rykard's] final two claims do not entitle him to relief.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2012) (citation format altered; some citations omitted).

---

[4] The global plea offer claim argued on appeal is distinct from the claim raised in Appellant's *pro se* PCRA petition. **See** *Pro se* PCRA Petition, 10/28/2019, at 3 ("Counsel was ineffective for the coerced global plea, directed by his co[-]defendant's counsel.").

Appellant did not seek permission to amend his petition to add these claims. Nonetheless, the PCRA court addressed the second claim. Thus, we will reach the merits of that claim. *See id.* However, because Appellant did not seek leave to amend his petition to raise his third claim, and the PCRA court did not address it, we likewise do not reach it. *See id.* As to Appellant's fifth claim, he raised that for the first time in his concise statement. Accordingly, it is waived. *See Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (citations omitted) ("Any claim not raised in the PCRA petition is waived and not cognizable on appeal.").

Thus, we review Appellant's first, second, and fourth claims mindful of the following.

> In reviewing the propriety of the PCRA court's denial of a petition for relief, we are limited to determining whether the record supports the court's findings, and whether the order is otherwise free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. We give no such deference, however, to the courts legal conclusions.
>
> The law presumes counsel has rendered effective assistance. An evaluation of counsel's performance is highly deferential, and the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight. When asserting a claim of ineffective assistance of counsel, Appellant is required to make the following showing: (1) that the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail.

\*\*\*

Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016)

(citations and quotation marks omitted).

With regard to an attorney's duty to investigate, the Supreme Court has noted that the reasonableness of a particular investigation depends upon evidence known to counsel, as well as evidence that would cause a reasonable attorney to conduct a further investigation. With regard to the voluntariness of a plea, a guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences. Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him.

*Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (citations

and quotation marks omitted).

In dismissing Appellant's PCRA claims, the PCRA court offered the

following analysis.

While Appellant claims his guilty plea was unlawfully induced by ineffective assistance of trial counsel, the record from the guilty plea hearing clearly shows that this claim lacks merit. Appellant admitted he was guilty, he stated he was accepting the deal to avoid the possibility of at least 35 years [of] incarceration if convicted of first-degree murder, and he was satisfied with trial counsel. Appellant also stated his guilty plea was voluntary, it was his decision to plead guilty, he made the decision of his own free will, and no one forced, threatened or coerced him into pleading guilty. Appellant is bound by the statements he made

- 7 -

at the guilty plea hearing and may not assert grounds for withdrawing the plea that contradict those statements. Thus, Appellant's claim regarding ineffective assistance and an unlawfully induced guilty plea lacks merit.

Addressing the specific claims raised by Appellant in his *pro se* motion, trial counsel was not ineffective for failing to file a motion to transfer Appellant's case to juvenile court because such a motion would not have been successful. After applying the factors listed in 42 Pa.C.S. § 6355, the court agrees with PCRA counsel that the impact of Appellant's crime on the victim and community was severe where Appellant was one of three individuals who murdered the victim. Appellant's threat to public safety was extremely high. Appellant was over 18 years old when the charges were filed, giving him less than 3 years to receive treatment in the juvenile system. Further, Appellant already had a history in the juvenile system with a felony drug adjudication. Trial counsel cannot be deemed ineffective for failing to raise a meritless motion.

\*\*\*

Trial counsel was not ineffective for failing to investigate, interview and depose witnesses of the alleged crime. As stated by trial counsel at the guilty plea hearing:

> Your Honor, we have discussed all available defenses. I've also spoken with my client about what witnesses -- should we proceed to trial, if there were witnesses that he would want me to call on his behalf. He has submitted a list of witnesses to me. This is a guilty plea, so it won't matter, but the fact remains that the list was supplied and that those witnesses were subpoenable for trial if we had gone in that direction.

[N.T., 2/22/2019, at 15]. Appellant's assertion in this regard is refuted by the record.

\*\*\*

Appellant [] claimed in his response that he believed he was only pleading guilty to conspiracy to commit third-degree

murder and not third-degree murder. However, the record clearly contradicts this claim. []

> Assuming, *arguendo*, there is arguable merit to Appellant's claims, he has failed to establish that the particular course of conduct by trial counsel lacked a reasonable basis designed to effectuate his interests. Trial counsel negotiated a guilty plea whereby the potential for a first-degree murder conviction and mandatory minimum sentence of 35 years [of] incarceration were removed from consideration. Counsel negotiated a minimum sentence of 15 years in prison for third-degree murder, which was five years below the top end of the standard range of the sentencing guidelines. Counsel also negotiated concurrent sentences on the murder and conspiracy charges. Counsel's advice in this case was well within the range of competence demanded of attorneys in criminal cases.

PCRA Court Opinion, 7/13/2020, at 12-16. (some citations and footnotes omitted).

Here, although Appellant and Dean pleaded guilty at the same proceeding, the trial court completed a thorough oral colloquy as to each defendant on his decision to plead guilty to third-degree murder and conspiracy to commit third-degree murder. Each defendant also completed a separate, written colloquy. After speaking with Appellant for several hours on the day of the plea proceeding and going over the written colloquy, trial counsel stated

> it is absolutely my impression that he is making a knowing, intelligent, and voluntary waiver of his rights to go to trial. [I]n all of my conversations with [Appellant], [Appellant] has actually been leading me in the conversation. He's a very bright man. He understands the discovery. He understands the process. He understands the consequences, most importantly, of what he's doing here today.

N.T., 2/22/2019, at 11-12.

- 9 -

Upon review, Appellant's arguments as to his first and second claims are refuted by the record and the answers Appellant provided at the plea hearing. The trial court advised Appellant multiple times that he was pleading guilty to third-degree murder **and** conspiracy to commit third-degree murder, and Appellant stated that he understood that. Moreover, Appellant has failed to establish that counsel failed to investigate Appellant's case. Trial was scheduled to begin approximately one week from the plea hearing. Appellant stated he was satisfied with counsel and believed in her ability to try the case before a jury. Appellant had provided counsel with a list of witnesses that counsel would subpoena for trial if Appellant did not decide to plead guilty. Nonetheless, Appellant decided to plead guilty to avoid the possibility of receiving the mandatory minimum sentence of 35 years of incarceration if the jury convicted him of first-degree murder. Significantly, Appellant did not identify the specific witnesses he claimed counsel failed to investigate until his response to the PCRA court's Rule 907 notice, and only then alleged that these witnesses "possibly had exculpatory and impeachment information regarding" specific Commonwealth witnesses. Response, 4/3/2020 (attached Memorandum at 18-19 (unnumbered)). Because Appellant failed to meet his burden of establishing that the underlying claims had merit, the PCRA court properly dismissed these claims.

As to Appellant's decertification claim, the PCRA court's evaluation of the requisite factors is supported by the record and free of legal error. ***See Commonwealth v. Ruffin***, 10 A.3d 336, 338-39 (Pa. Super. 2010) (citations omitted) ("Decisions of whether to grant decertification will not be overturned absent a gross abuse of discretion. [] When evaluating the propriety of a [decertification] decision, absent evidence to the contrary, a reviewing court must presume that the juvenile court carefully considered the entire record. No law explicitly requires juvenile courts in this Commonwealth to provide a detailed explanation to justify a [decertification] decision[.]"). Because Appellant failed to establish prejudice, the PCRA court properly dismissed this claim.

Based on the foregoing, the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/12/2021

- 11 -